### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. |
| v. ) ) ) | **COMPLAINT** Jury Trial Demand |
| STORAGE TECHNOLOGY CORPORATION, ) ) | |
| Defendant. ) | |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission"), brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to James E. Carter III, who was adversely affected by such practices while employed by Defendant, Storage Technology Corporation ("Storage Technology"). As articulated with greater particularity in paragraph 7 below, the Commission alleges that Mr. Carter, a Territory Executive, was discriminated against based on his race (black) when Defendant unfairly placed him on a Plan of Action (POA) on November 3, 2003, for allegedly not meeting sales quotas, while not placing similarly-situated white or hispanic employees on such Plans, even though they did not meet their sales quotas.

In addition, the Commission alleges that after Mr. Carter complained of race discrimination with regard to the Plan of Action, and specifically that he was being subjected to disparate treatment

based on race, Defendant took adverse action against him in retaliation for his complaints. The Commission alleges that Defendant retaliated against Mr. Carter by terminating him from his employment on December 4, 2003, prior to the expiration of the Plan of Action, which was expected to end on December 26, 2003. As a result of the discrimination and retaliation, Mr. Carter suffered damages, including emotional distress and backpay losses.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Storage Technology (the "Employer"), has continuously been doing business in the State of Pennsylvania and the City of Conshohocken, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer

engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, James Carter filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 3, 2003, Defendant Employer has engaged in unlawful employment practices at its Conshohocken, Pennsylvania facility in violation of Section 703(a)(1) and Section 704 (a) of 42 U.S.C. Section 2000e-2(a)(1), by discriminating against James Carter on the basis of his race (black), and in retaliation for his complaints, as follows:

(a) On August 19, 2001, James Carter, a black individual, was hired by Defendant Employer as a Sales Executive Associate. On or about January 1, 2003, Mr. Carter was promoted to Territory Executive, and was given a territory with an annual sales quota of 2 million dollars. At all relevant times during his employment with Defendant, Mr. Carter received satisfactory performance appraisals.

(b) On November 3, 2003, Defendant Employer placed Mr. Carter on a Plan of Action (POA) to end on December 26, 2003, for allegedly not meeting his sales goals. On or about November 4, 2003, Mr. Carter complained of disparate treatment based on his race to Defendant's Human Resources Manager, Ruth Walker. Specifically, Mr. Carter complained that his sales quota was higher than those of similarly-situated white or hispanic employees, that he was denied accounts in his territory which were unfairly given to others, that he was not fully credited with a large sale

that arose out his territory, and that he was ranked higher in sales than similarly-situated hispanic and white sales persons, yet these persons were not placed on Plans of Action. He specifically alleged that his superior, William Braderman (white), District Sales Manager, was biased against him because of his race.

(c)  On November 24, 2003, Defendant concluded its investigation of Mr. Carter's complaint of race discrimination, and concluded that no such discrimination had occurred.

(d)  On December 4, 2003, Braderman informed Mr. Carter that he was being terminated for failure to meet his sales goals. Defendant never allowed Mr. Carter to complete the Plan of Action, scheduled to end some three weeks later, although Mr. Carter had advised that he had several large sales "in the pipeline" and that he was attempting to fulfill the requirements of the Plan.

(e)  Both similarly-situated hispanic and white employees were treated more favorably than Mr. Carter by Defendant. A hispanic Territory Executive, Marcos Rios, was given a lower sales quota than Mr. Carter, in 2003, of 1.2 million, and although he did not achieve his sales quota for 2003, he was not placed on a Plan of Action, nor was he fired. In addition, Michael Morelli (white), Account Executive II, did not meet his sales quota of $2 million dollars for 2003, but was not placed on a Plan of Action, nor was he terminated.

(f)  Mr. Carter engaged in protected activity when he complained of race discrimination, and was thereafter subjected to adverse action when he was fired, only a month later, in retaliation for his complaints. Defendant failed to give Mr. Carter an opportunity to successfully complete the Plan of Action, and thereby retain his employment.

8.  The effect of the practices complained of in paragraph 7 (a) through (f) above has been to deprive James Carter of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and in retaliation for engaging in protected activity under Title VII.

9.  The unlawful employment practices complained of in paragraph 7 (a) through (f) above, were intentional.

10. The unlawful employment practices complained of in paragraph 7 (a) through (f), above, were done with malice or with reckless indifference to the federally protected rights of James Carter.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of race and/or retaliation.

B.  Order Defendant to institute and carry out policies, practices, and programs which prohibit race discrimination and retaliation, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole James E. Carter III, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, front pay if appropriate, reinstatement and other affirmative relief necessary to eradicate the effects of its unlawful

employment practices.

D.  Order Defendant to make whole James Carter by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (f) above.

E.  Order Defendant to make whole James Carter by providing compensation for past, present, and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (f) above, including humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression, and exacerbation of physical problems, in amounts to be determined at trial.

F.  Order Defendant to pay James Carter punitive damages for its malicious and reckless conduct, as described in paragraphs 7 (a) through (f) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

          GWENDOLYN YOUNG REAMS
          Associate General Counsel

          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          Washington, D.C. 20507

          */s/ Jacqueline H. McNair*
          JACQUELINE H. MCNAIR
          Regional Attorney

          */s/ Judith O'Boyle*
          JUDITH O'BOYLE
          Supervisory Trial Attorney

          */s/ Woody Anglade*
          WOODY ANGLADE
          Trial Attorney
          EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          Philadelphia District Office
          21 South 5th Street, Suite 400
          Philadelphia, PA 19106
          (215) 440-2814
          (215) 440-2848 (FAX)